**Ronnie COLE, Plaintiff–Appellant,**

v.

**Brian FISCHER, Commissioner of Corrections, Robert Kirkpatrick, Superintendent W.C.F., Susan Schumacher, Deputy Superintendent of Administration/Acting Superintendent W.C.F., Lester N. Wright, Deputy Commissioner/Chief Medical Officer N.Y.S.D.O.C.S., Susan Post, Deputy Superintendent for Health W.C.F., M. Clemens, Medical Director W.C.F., Stanley L. Bukowski, Medical Doctor W.C.F., Jennifer Wrest, Nurse Practitioner W.C.F., Donna Constant, Statewide Director of Nursing Services N.Y.S.D.O.C.S., B. Aiello–Howe, Statewide Director of Nursing Services N.Y.S.D.O.C.S., Sally Baxter, Nurse Administrator I N.Y.S.D.O.C.S., A. Sheridan, Lieutenant W.C.F., Joyce Radder, Registered Nurse W.C.F., R. Nagel, Registered Nurse W.C.F., Defendants–Appellees.**

No. 10–2548–pr.

United States Court of Appeals, Second Circuit.

March 25, 2011.

Ronnie Cole, Rome, NY, pro se.

Barbara D. Underwood, Solicitor General (Andrea Oser, Deputy Solicitor General, Martin A. Hotvet, Assistant Solicitor General, of Counsel, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, Albany, NY, for Appellee.

PRESENT: JOSEPH M. McLAUGHLIN, GUIDO CALABRESI, and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

New York State prisoner Ronnie Cole appeals *pro se* from an award of summary judgment in favor of defendants on Cole's 42 U.S.C. § 1983 claims alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment and First Amendment retaliation. We review the grant of summary judgment *de novo*, "resolving all ambiguities and drawing all permissible factual inferences in favor" of Cole. *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir.2010) (internal quotation marks omitted). Despite this deference, a non-movant cannot defeat a motion for summary judgment merely through conclusory statements or allegations. *See Davis v. New York*, 316 F.3d 93, 100 (2d Cir.2002). In applying these principles, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

### 1. *Deliberate Indifference*

To substantiate his Eighth Amendment claim, Cole was obliged to adduce evidence of defendants' deliberate indifference to a serious medical need. *See Salahuddin v. Goord,* 467 F.3d 263, 279–81 (2d Cir.2006). Deliberate indifference has two necessary components, one objective and the other subjective. *See Hathaway v. Coughlin,* 99 F.3d 550, 553 (2d Cir.1996). Objectively, the deprivation must be "sufficiently serious," creating a risk of "death, degeneration, or extreme pain." *Id.* (internal quotations omitted); *accord Johnson v. Wright,* 412 F.3d 398, 403 (2d Cir.2005). Subjectively, the official must have acted with the requisite state of mind, the "equivalent of criminal recklessness." *Hathaway v. Coughlin,* 99 F.3d at 553. Generally, a prisoner's "mere allegations of negligent malpractice do not state a claim of deliberate indifference." *Id.*; *see Estelle v. Gamble,* 429 U.S. 97, 105–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

█ Here, the record reveals, as a matter of law, that Cole failed to state a cognizable claim of deliberate indifference because the alleged deprivation—use of a makeshift hot-pack to treat Cole's chronic back pain, inadvertently resulting in a small second-degree burn—was not sufficiently serious to cause possible death, degeneration, or extreme pain, or "offend evolving standards of decency." *Estelle v. Gamble,* 429 U.S. at 106, 97 S.Ct. 285 (internal quotation marks omitted). We need not address Cole's claim that the magistrate judge improperly resolved certain issues of fact because the disputed issues are not material to Cole's indifference claim. To the extent Cole now asserts that defendants' treatment of his burn was inadequate, this argument was not raised below and is not appropriately brought before this Court for the first time on appeal. *See In re Flanagan,* 503 F.3d 171, 182 (2d Cir.2007) (stating that, generally, this court "will not consider arguments raised for the first time on appeal," especially where additional factfinding is necessary). In any event, the medical records do not support Cole's new allegations. Accordingly, summary judgment was appropriate.

### 2. *Retaliation*

█ To show retaliation, Cole was required to present evidence that his constitutionally protected conduct in filing past grievances was a substantial or motivating factor for a prison official's adverse action. *See Bennett v. Goord,* 343 F.3d 133, 137 (2d Cir.2003). The record fails to support an inference of the requisite causal connection between Cole's grievances and the misbehavior report filed against him. Rather, the evidence reveals that, at the disciplinary hearing triggered by the report at issue, Cole admitted the alleged misconduct. The adverse action, therefore, appears independently justified. *See id.* at 138. Thus, the district court correctly granted summary judgment on Cole's retaliation claim.

### 3. *Conclusion*

We have reviewed Cole's remaining arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.